IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARRY EMMETT, #1383329,              ) | |
|            Petitioner,                           ) | |
| vs.                                                    ) | No. 3:21-CV-1581-S (BH) |
|                                                           ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division,  ) | |
|            Respondent.                          ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to prosecute or follow orders of the court.

### I.  BACKGROUND

Barry Emmett (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on July 7, 2021.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated July 9, 2021, he was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 4.)  He was ordered to either pay the fee or file an IFP motion, within thirty days. (*Id.*)  The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*)

On August 3, 2021, a request for a 60-day extension of time to pay the filing fee was received from Petitioner. (*See* doc. 6.)  The motion was granted in part, and Petitioner's deadline to pay the filing fee was extended by 30 days, until September 7, 2021. (See doc. 6.)

Well more than thirty days from the deadline to pay the filing fee have passed, but Petitioner has not paid the filing fee, filed an IFP motion, or filed anything else in this case.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Here, Petitioner was given thirty days to either pay the filing fee or file an IFP motion, and the notice of deficiency and order specifically warned that failure to comply could result in the dismissal of his petition. Despite an extension of time, he still has not complied or otherwise responded. Because he failed to follow court orders or otherwise prosecute his case, his habeas petition should be dismissed.

## III. RECOMMENDATION

The habeas petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Petitioner either pays the $5 filing fee or files an IFP motion within the fourteen-day time frame for objecting to this recommendation, or by some other deadline set by the Court.

**SIGNED this 13th day of December, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE