IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARRY EMMETT, #1383329,        )<br>       Petitioner,                      )<br>                                 )<br>vs.                                           )<br>                                 )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division,   )<br>       Respondent.                    ) | No. 3:21-CV-1581-S (BH)<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petitioner* [sic] *Motion for Leave to Fiel* [sic] *Informa* [sic] *Pauperis And Or Extention* [sic] *to Pay Filing Fee*, received on January 19, 2022 (doc. 10). Based on the relevant filings and applicable law, the motion should be liberally construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and **GRANTED** in part, the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**, and the petitioner should be granted thirty days to pay the filing fee.

**I.     BACKGROUND**

Barry Emmett (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on July 7, 2021. (*See* doc. 3.) By *Notice of Deficiency and Order* dated July 9, 2021, he was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 4.) He was ordered to either pay the fee or file an IFP motion, within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

On August 3, 2021, a request for a 60-day extension of time to pay the filing fee was received from Petitioner. (*See* doc. 6.) The motion was granted in part, and Petitioner's deadline to pay the filing fee was extended by 30 days, until September 7, 2021. (*See* doc. 6.) After well more than 30 days had passed, but Petitioner had not paid the filing fee, filed an IFP motion, or filed anything else in this case, it was recommended on December 13, 2021, that the case be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or comply with court orders. (*See* doc. 7.) The recommendation was accepted, and this case was dismissed without prejudice by judgment entered on January 12, 2022. (*See* docs. 8-9.)

On January 19, 2022, Petitioner's motion was received. (*See* doc. 10.) It contends that he is a pauper, and that the TDCJ "is refusing to send funds off my account" and to allow letters to his family "that will pay filing fee of $5 simpl [sic] dollars[.]" (doc. 10 at 1-2.) He appears to claim that he has submitted requests while at four different TDCJ units "all yrs long" in order to pay the filing fee, and "none of them will allow me to pay [the five dollar] fee, that i [sic] know my fmaily [sic] will ahev [sic] no probelms [sic]" paying. (*Id.* at 2.) He also appears to claim that he is being poisoned with arsenic by the TDCJ and to challenge various conditions of his confinement. (*See id.* at 1-2.)

## II. NATURE OF FILING

According to the motion, it was signed and placed in the prison mail system prior to the date of judgment, so it is a timely pre-judgment objection to the recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Petitioner's objection was received within 28 days of the entry of judgment, it should be liberally construed as a motion to

alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Bd. of Directors-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

### III. FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner's motion does not implicate either an intervening change in law or the

availability of new evidence, but it does implicate a manifest error of fact. According to Petitioner, he has attempted to have the TDCJ pay the filing fee from his account while at four different TDCJ units, but the TDCJ has refused to send the fee. He also claims that his family would have "no probelms [sic]" paying the filing fee.[2] (*Id.* at 2.) Additionally, he claims that he is "not receiving half of what teh [sic] court suggests is listed on docket report" due to mail issues. (*Id.*) Because it appears that Petitioner is attempting to comply with the order of the Court, the balance tips in favor of consideration of the need to render a decision on the merits of the case.

Petitioner's motion should be granted, the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be vacated, and Petitioner should be granted thirty days to pay the filing fee.

## IV.   CIVIL CLAIMS

Petitioner claims that he is being poisoned with arsenic and raises allegations about the conditions of his confinement and his receipt of mail. (*See* doc. 10 at 1-2.) These claims do not specifically challenge his custody.

Claims that do not challenge Petitioner's custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v.*

---

[2] Petitioner seeks to have the Court subpoena him and his parents for a hearing at which his father can write a $5 check to pay the filing fee. (*See* doc. 10 at 2.) He has provided no legal basis for the issuance of a subpoena for that reason, and his request is denied. Petitioner must follow the appropriate procedures at his prison facility to authorize the facility to forward the filing fee to the Court within the thirty-day deadline.

*Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted* 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).3  A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Petitioner's motion is not liberally construed as seeking to open a new case at this time. The Clerk's Office is **INSTRUCTED** to forward Petitioner a copy of this Court's standard forms for filing a civil complaint and an application to proceed *in forma pauperis* in case he wishes to file a new civil action.

### V.     RECOMMENDATION

The *Petitioner* [sic] *Motion for Leave to Fiel* [sic] *Informa* [sic] *Pauperis And Or Extention* [sic] *to Pay Filing Fee*, received on January 19, 2022 (doc. 10), should be liberally construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and **GRANTED** in part, the judgment dismissing this case under Fed. R. Civ. P. 41(b) should be **VACATED**, and the petitioner should be granted thirty days to pay the filing fee.

**SIGNED this 24th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

3 A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE