IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, #1383329, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:21-CV-1581-S (BH) |
| | ) | |
| DIRECTOR, Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be **DISMISSED** without

prejudice for failure to prosecute or follow orders of the court.

**I.  BACKGROUND**

Barry Emmett (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254

that was received on July 7, 2021.  (*See* doc. 3.)  By *Notice of Deficiency and Order* dated July 9,

2021, he was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed

*in forma pauperis* (IFP).  (*See* doc. 4.)   He was ordered to either pay the fee or file an IFP motion,

within thirty days.  (*Id.*)  The notice specifically stated that a failure to comply with the notice could

result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*)

On August 3, 2021, a request for a 60-day extension of time to pay the filing fee was

received from Petitioner.  (*See* doc. 5.)  The motion was granted in part, and Petitioner's deadline

to pay the filing fee was extended by 30 days, until September 7, 2021.  (*See* doc. 6.)  After well

more than thirty days from the deadline to pay the filing fee had passed, but Petitioner had not paid

the filing fee, filed an IFP motion, or filed anything else in this case, on December 13, 2021, it was

recommended that this action be dismissed for failure to prosecute or follow court orders.  (*See* doc.

---

[1]  By *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation.

7.)  The recommendation was accepted, and this action was dismissed by judgment entered on

January 12, 2022.  (*See* docs. 8, 9.)

On January 19, 2022, Petitioner's motion for leave to file an IFP motion and/or for an

extension of time to pay the filing fee was received.  (*See* doc. 10.)  It was recommended on January

24, 2022, that the filing be liberally construed as a motion to alter or amend judgment and granted

in part, that the judgment be vacated, and that Petitioner be afforded another 30 days to pay the filing

fee.  (*See* doc. 11.)  The recommendation was accepted, the judgment was vacated, and Petitioner

was granted 30 days to pay the filing fee by order dated February 8, 2022.  (*See* doc. 12.)  After

Petitioner failed to pay the filing fee, a *Final Notice of Deficiency and Order* dated March 28, 2022,

notified him that he must either pay the $5 filing fee or submit an IFP motion within 30 days.  (*See*

doc. 13.)   The notice specifically advised him that a failure to comply could result in the dismissal

of the petition for failure to prosecute or to follow court orders. (*Id.*)

April 14, 2022, Petitioner's motion to reinstate his case and hold it in abeyance was received.

(*See* doc. 14.)  The request to reinstate the case was deemed moot based on the order vacating the

judgment, and the filing was construed as seeking another extension of time to pay the filing fee or

file an IFP motion and granted on April 20, 2022.  (*See* doc. 17.)  That same day, his IFP motion,

which had been received on April 19, 2022, was docketed.  (*See* doc. 16.)  Because it was

incomplete and not accompanied by a certificate of inmate trust account, another *Final Notice of

Deficiency and Order,* dated April 21, 2022, notified him that within 30 days, he must either pay the

$5 filing fee or submit an IFP motion with a certificate of inmate trust account or an affidavit or

declaration explaining his efforts to obtain one, or an affidavit or declaration showing that he had

followed the appropriate procedures to have the fee withdrawn from his inmate trust account.  (*See*

doc. 18.)   The notice specifically advised him that a failure to comply could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*) The next day, another motion for leave to file an IFP motion or for an extension of time was received.  (*See* doc. 19.)   On April 25, 2022, the motion was denied as moot based on the April 21, 2022 notice of deficiency and order, which had already granted him additional time.  (*See* doc. 20.)

Well more than thirty days from the deadline have passed, but Petitioner has not paid the filing fee or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Here, Petitioner has repeatedly been given thirty days to either pay the filing fee or file an IFP motion with a certificate of inmate trust account, and each notice of deficiency and order has specifically warned that failure to comply could result in the dismissal of his petition.  Despite multiple extensions of time, he still has not complied or otherwise responded to the last extension.  Because he failed to follow court orders or otherwise prosecute his case, his habeas petition should be dismissed.

## III.  RECOMMENDATION

The habeas petition should be dismissed under Fed. R. Civ. P. 41(b) without prejudice for failure to prosecute or follow orders of the court, unless Petitioner either pays the $5 filing fee or files an IFP motion with a certificate of inmate trust account or an affidavit or declaration explaining

his efforts to obtain one, or an affidavit or declaration showing that he has followed the appropriate

procedures to have the fee withdrawn from his inmate trust account, within the fourteen-day time

frame for objecting to this recommendation, or by some other deadline set by the Court.

      **SIGNED this 3rd day of June, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE