IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BARRY EMMETT, #1383329,        ) | |
|        Petitioner,        ) | |
|                ) | |
| vs.        ) | No. 3:21-CV-1581-S (BH) |
|                ) | |
| DIRECTOR, Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division,   ) | |
|        Respondent.        ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Objections*, received on July 14, 2022 (doc. 31), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

### I.     BACKGROUND

Barry Emmett (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 that was received on July 7, 2021. (*See* doc. 3.) By *Notice of Deficiency and Order* dated July 9, 2021, he was notified that he had neither paid the $5 filing fee nor submitted a motion to proceed *in forma pauperis* (IFP). (*See* doc. 4.) He was ordered to either pay the fee or file an IFP motion, within thirty days. (*Id.*) The notice specifically stated that a failure to comply with the notice could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*)

On August 3, 2021, a request for a 60-day extension of time to pay the filing fee was received from Petitioner. (*See* doc. 5.) The motion was granted in part, and Petitioner's deadline to pay the filing fee was extended by 30 days, until September 7, 2021. (*See* doc. 6.) After well more than thirty days from the deadline to pay the filing fee had passed, but Petitioner had not paid

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

the filing fee, filed an IFP motion, or filed anything else in this case, on December 13, 2021, it was recommended that this action be dismissed for failure to prosecute or follow court orders. (*See* doc. 7.) The recommendation was accepted, and this action was dismissed by judgment entered on January 12, 2022. (*See* docs. 8, 9.)

On January 19, 2022, Petitioner's motion for leave to file an IFP motion and/or for an extension of time to pay the filing fee was received. (*See* doc. 10.) It was recommended on January 24, 2022, that the filing be liberally construed as a motion to alter or amend judgment and granted in part, that the judgment be vacated, and that Petitioner be afforded another 30 days to pay the filing fee. (*See* doc. 11.) The recommendation was accepted, the judgment was vacated, and Petitioner was granted 30 days to pay the filing fee by order dated February 8, 2022. (*See* doc. 12.) After he failed to pay the filing fee, a *Final Notice of Deficiency and Order* dated March 28, 2022, notified him that he must either pay the $5 filing fee or submit an IFP motion within 30 days. (*See* doc. 13.) The notice specifically advised him that a failure to comply could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*)

On April 14, 2022, Petitioner's motion to reinstate his case and hold it in abeyance was received. (*See* doc. 14.) The request to reinstate the case was deemed moot based on the order vacating the judgment, and the filing was construed as seeking another extension of time to pay the filing fee or file an IFP motion and granted on April 20, 2022. (*See* doc. 17.) That same day, his IFP motion, which had been received on April 19, 2022, was docketed. (*See* doc. 16.) Because it was incomplete and not accompanied by a certificate of inmate trust account, another *Final Notice of Deficiency and Order,* dated April 21, 2022, notified him that within 30 days, he must either pay the $5 filing fee or submit an IFP motion with a certificate of inmate trust account or an affidavit or declaration explaining his efforts to obtain one, or an affidavit or declaration showing

that he had followed the appropriate procedures to have the fee withdrawn from his inmate trust account. (*See* doc. 18.)   The notice specifically advised him that a failure to comply could result in the dismissal of the petition for failure to prosecute or to follow court orders. (*Id.*) The next day, another motion for leave to file an IFP motion or for an extension of time was received. (*See* doc. 19.)   On April 25, 2022, the motion was denied as moot based on the April 21, 2022 notice of deficiency and order, which had already granted him additional time. (*See* doc. 20.)

After well more than 30 days from the new deadline had passed, but Petitioner had not paid the filing fee or filed anything else in this case, on June 3, 2022, it was recommended that this action be dismissed for failure to prosecute or follow court orders. (*See* doc. 21.)   On June 22, 2022, his motion for leave to file an amended petition was received. (*See* doc. 22.)  By order dated July 1, 2022, his motion to file an amended petition was granted, and he was notified that his amended petition still did not cure his failure to pay the $5 filing fee or file a certificate of inmate trust account as ordered repeatedly.  (*See* docs. 23-24.)   He filed a motion for appointment of counsel and a second request for leave to amend the petition on July 5, 2022, both of which were denied on July 6, 2022. (*See* docs. 25-27.)  On June 7, 2022, the June 3, 2022 recommendation was accepted, and judgment dismissing this action was entered. (*See* docs. 29-30.)  Petitioner's objections, which are largely illegible, were received on July 17, 2022. (*See* doc. 31.)

## II.   NATURE OF FILING

To the extent it is legible, Petitioner's objections appear to challenge the June 3, 2022 recommendation to dismiss his petition without prejudice for failure to prosecute or follow orders of the Court.  According to the filing, it was signed on and mailed prior to the acceptance of the recommendation, and it mentions neither the acceptance of the recommendation nor the entry of judgment. (*See* doc. 31 at 2-5.)  The filing is therefore construed as timely pre-judgment objections

to the June 3, 2022 recommendation. *See, e.g.*, *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Because Petitioner's objections were received within 28 days of the entry of judgment, they should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021); *see also Rogers v. McKee*, No. 9:06cv228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (construing objections to recommendation received after dismissal of habeas petition as motion for relief from judgment) (citing *Bagley v. Board of Directors-Farmers National Bank*, 31 F. App'x 152 (5th Cir. 2001) (holding that objections filed after the entry of an order of dismissal should be construed as a Rule 60 motion for relief from judgment)).

### III. FED. R. CIV. P. 59(e)

To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or

amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner has not shown a manifest error of fact or law or presented newly discovered evidence. Instead, his filing appears to assert arguments challenging his state criminal conviction, and to claim that a supervisor of two TDCJ units is failing "to allow legal $1 off my account," and that the Director of the TDCJ should be sanctioned. (doc. 31 at 1-2.) His § 2254 petition was dismissed for failure to prosecute or follow the orders of the Court by paying the $5 filing fee or filing either an IFP motion with a certificate of inmate trust account or an affidavit or declaration explaining his efforts to obtain one or how he has followed the appropriate procedure to have the fee withdrawn from his inmate trust account. (*See* docs. 21, 29-30). He still has failed to follow the orders of the Court and cure his deficiency, and he has not shown that he is entitled to relief under Rule 59(e).

## IV.   RECOMMENDATION

The *Objections*, received on July 14, 2022 (doc. 31), should be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

**SIGNED this 22nd day of July, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE